UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARBARA BECKER
Personal Representative of the
Estate of Evelyn Jeranek, deceased,

      Plaintiff,

v.                                             Case No. 09-C-344

CHRYSLER LLC HEALTH CARE BENEFITS PLAN,

      Defendant.

## ORDER LIFTING STAY

Plaintiff Barbara Becker, the personal representative of the estate of Evelyn Jeranek, brought this action in Oconto County Circuit Court seeking payment of benefits under a welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*. ("ERISA"). Defendant Chrysler LLC Health Care Benefits Plan (the "Plan") removed the matter to this Court on March 31, 2009. (Doc. # 1.) On May 4, 2009, the Plan filed a Suggestion of Bankruptcy, indicating that Chrysler LLC ("Chrysler") and certain domestic direct and indirect subsidiaries (the "Debtors"), filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. On May 5, 2009, the Court entered an order staying these proceedings until the bankruptcy court entered an order lifting or modifying the automatic stay of 11 U.S.C. § 362. (Doc. # 7.) This matter is before me on Becker's Civil L.R. 7.4 expedited non-dispositive motion to vacate my order staying this case. The motion, to which the defendant has not responded, will be granted.

Becker has moved the bankruptcy court for relief from the automatic stay, contending that her ERISA claim is against the health plan, an entity separate from Chrysler, the debtor in the bankruptcy action. *See* 29 U.S.C. § 1132(d)(1). Although the debtor in this case may be the sponsor and administrator of the plan, *see* 29 U.S.C. § 1002(16)(A) and (B), Becker contends that the assets of the plan, and not the debtor, are the assets upon which she seeks to collect the ERISA benefits. 29 U.S.C. § 1132(d)(2). It does not appear that the bankruptcy court has granted Becker's request to lift the automatic stay.

As another court has observed, in the context of ERISA ". . . a stay of claims against the employer does not stay claims against the employee benefit plan." *Buchanan v. Golden Casing Corp. Hourly Health Benefit Plan*, 2003 WL 22951936, at *3 (S.D. Ind. Oct. 10, 2003) (citing *Brengettys v. LTV Steel Hourly Pension Plan*, 241 F.3d 609, 609 n.1 (7th Cir. 2001)). The reason why employee benefit plans are not protected by the automatic stay provision of 11 U.S.C. § 362 is that the employer itself has no property interest in the plan. *Id.* (citing *Divane v. A & C Elec. Co., Inc.*, 193 B.R. 856, 860 (N.D. Ill. 1996)). In any event, counsel for the Debtors in the bankruptcy proceeding has advised plaintiff that the Plan has been sold to new Chrysler, a separate entity, and is thus no longer governed by the stay.

Accordingly, plaintiff's motion is **GRANTED** and the order staying this case is **VACATED.** The Clerk is directed the set this matter on the Court's calendar for scheduling.

**SO ORDERED** this   24th   day of August, 2009.

       s/ William C. Griesbach
       William C. Griesbach
       United States District Judge